### DAVIS v. McGREW and Another.

### No. 9126; November 23, 1885.

#### 8 Pac. 618.

**Landlord 'and Tenant—Conspiracy in Obtaining Lease—Cancellation.**—Where a complaint averred that defendants had conspired to cheat and defraud the plaintiff by inducing him to lease to one of them certain lands, and that they had carried out such conspiracy by fraudulent representations to plaintiff to his injury, and that he had suffered damage thereby, the complaint was held to state a good cause of action entitling him to a cancellation of the lease.[1]

APPEAL from Superior Court, County of Contra Costa.

A. H. Griffith for appellant; A. A. Moore, George W. Reed and E. J. Emmons for respondents.

MORRISON, C. J.—The foundation of this action is an alleged conspiracy between the defendants to cheat and defraud the plaintiff.   In support of this action he states numerous facts and circumstances tending to establish such conspiracy, and a final consummation thereof by the defendants.   The plaintiff avers he was in possession exclusively of a tract of land forming part of the San Pablo rancho; that he was cultivating the same, and raising a crop thereon of

---

[1] Cited in Davis v. McGrew, 82 Cal. 136, 23 Pac. 41, as a former appeal of the case under consideration.   At the second trial the court held there was no misrepresentation, and rendered judgment for the defendant.   Affirmed.

36

the value of one thousand dollars; that a conspiracy was formed by the defendants to obtain from him (the plaintiff) the tract of land so held and cultivated by him, and by reason of artful devices and deceitful practices on the part of the defendants, acting in concert, and which are set forth in the complaint, the plaintiff was prevailed upon and induced to accept a lease of the land so held and cultivated by him, from the defendant McGrew; that he did attorn to said McGrew, and in the lease agreed to pay McGrew a certain rental for said land; that McGrew had no title to the land, but made it appear to the plaintiff that by accepting a lease therefor he would be secured in his rights and avoid further trouble and perhaps ultimate loss.

The defendant Gift acted as the pretended friend of the plaintiff, and in the disguise of a pacific mediator between the parties, making various statements respecting the rights and prospects of the other defendant in the case, and fraudulently deceiving the plaintiff, and inducing him to believe his interests would be subserved by the acceptance of a lease from and by attorning to the defendant McGrew; that plaintiff is an ignorant foreigner, and relying upon such representations, and fully believing that the defendant Gift was acting as his friend in the matter, and that it was to his (plaintiff's) interest to accede to the terms proposed, he did accept a lease from and attorn to the defendant McGrew.

The complaint goes into such detail in stating the alleged fraudulent acts of the parties defendant, from which it appears that there was a fraudulent conspiracy to cheat and defraud the plaintiff, which culminated in the acceptance by him of a lease from McGrew, who had no title or color of title to the land in question, and the promises of plaintiff to pay him rent therefor. To this complaint defendants demurred, and the court sustained the demurrer. Final judgment was entered up thereupon, and plaintiff takes this appeal.

We can hardly understand upon what ground the court below acted in sustaining the demurrer to the complaint. It is plainly charged, with particularity of detail, that the defendants formed a conspiracy to cheat and defraud the plaintiff; that they carried out such conspiracy by false and fraudulent representations, which imposed upon the plaintiff; and

that plaintiff has been damaged thereby. He now asks that the lease so fraudulently obtained from him may be brought into court, and declared null and void; and, further, that he may have damages for the fraud practiced upon him. In our judgment the complaint sets forth a good cause of action against the defendants, and one which entitles him to relief in a court of equity.

It is claimed on the part of the defendants that this case comes within the rule laid down in Hawkins v. Hawkins, 50 Cal. 558. In our opinion the rule laid down in that case does not apply to this, as here the circumstances are different. In the complaint some matter occurs which the learned judge below regarded as disrespectful to himself, and therefore struck the same out. The objectionable matter was a part of the plaintiff's case, and was not disrespectful. It should, therefore, have been allowed to remain in the complaint. Judgment and order reversed.

We concur: Myrick, J.; Thornton, J.